In the Matter of the Application of Hudson-Harlem Valley Title & Mortgage Company, Petitioner, Respondent, against William R. White, Superintendent of Banks of the State of New York, and Title Guarantee and Trust Company, Appellants.

Third Department, March 8, 1939.

*James T. McDonald,* Special Assistant Attorney-General, and *John J. Bennett, Jr.,* Attorney-General [*Henry Epstein,* Solicitor-General, of counsel], for the appellant William R. White, Superintendent of Banks of the State of New York.

*Milbank, Tweed & Hope* and *Samuel E. Aronowitz* [*A. Donald MacKinnon* and *Wilber Stammler* of counsel], for the appellant Title Guarantee and Trust Company.

*James F. Donnelly* [*Ellis J. Staley, Walter J. McNichols* and *James F. Donnelly* of counsel], for the respondent.

PER CURIAM. Defendants have appealed from an order of the Albany Special Term of the Supreme Court, entered in the office of the clerk of Albany county on November 25, 1938, denying their motions to dismiss the petition herein as insufficient.

The sole question before us on this appeal is the sufficiency of the petition.

Upon a former appeal this court held (251 App. Div. 1) that issues of fact were presented which required the issuance of an alternative order of mandamus. Thereafter both parties moved for permission to appeal to the Court of Appeals on certified questions. Defendants also moved for a reargument. The basis of that argument by defendants was that there had been a change in the law by chapter 619 of the Laws of 1937 and that such change destroyed the effect of our former decision. The applications of both parties, that of defendants for permission to reargue and that of both parties for leave to appeal to the Court of Appeals on certified questions, were returnable before this court on June 30, 1937, being the date

when the 1937 amendments to the Banking Law became effective. On July 2, 1937, this court denied both applications (251 App. Div. 911), and necessarily there was involved in its decision a consideration of the amendments referred to. We are, therefore, committed to the doctrine that the 1937 amendments to the Banking Law do not render the petition insufficient as a matter of law.

Thereafter petitioner appealed from our decision to the Court of Appeals as a matter of right on the theory that our order was a final one. The Court of Appeals, however, dismissed the appeal on the ground that the order was interlocutory (276 N. Y. 603).

On this appeal defendants also contend that the provisions of section 39 and section 12, subdivision 3, of the Banking Law, as amended by chapter 684 of the Laws of 1938, clothe the Superintendent of Banks with complete discretion with respect to the issuance of such an order as is demanded by petitioner and that this discretion is not subject to judicial control. That contention is without merit. Petitioner is not asking for the exercise of the discretion of the Superintendent of Banks, but, on the contrary, it is demanding the performance of a clear duty imposed by law upon that official. Where the public interest is involved and a statute imposes a duty upon a public officer the legislative enactment will be construed by the courts to impose a mandatory duty notwithstanding the use of permissive language in the statute which imposes the duty. (*Supervisors* v. *United States*, 4 Wall. 435; *Hagadorn* v. *Raux*, 72 N. Y. 583; *O'Reilley* v. *City of Kingston*, 114 id. 439; *Gilmore* v. *City of Utica*, 121 id. 561; *Hutson* v. *Mayor, etc., of N. Y.*, 9 id. 163; *People ex rel. Comstock* v. *City of Syracuse*, 59 Hun, 258; affd., 128 N. Y. 632; *People ex rel. Otsego County Bank* v. *Supervisors of Otsego County*, 51 id. 401; *Phelps* v. *Hawley*, 52 id. 23; *People ex rel. Doscher* v. *Sisson*, 222 id. 387.)

The Legislature has not delegated to the Superintendent of Banks any discretion in the enforcement of the provisions of the Banking Law.

The order appealed from should be affirmed, with fifty dollars costs and disbursements, and the stay of examination before trial vacated.

HILL, P. J., CRAPSER, BLISS and HEFFERNAN, JJ., concur; RHODES, J., dissents and votes to dismiss the proceeding. (See *Matter of Walsh* v. *LaGuardia*, 269 N. Y. 437.)

Order affirmed, with fifty dollars costs and disbursements, and the stay of examination before trial vacated.