Gerald S. Hewitt, J.
The relator was sentenced on December 11,1950 in Kings County to a term of not less than 8 years and not more than 14 years as a result of his conviction of a felony in said county. This sentence was later reduced by resentence on December 20, 1957 to a term of not less than 7 years and not more than 12 years. He was paroled on October 30, 1958, declared delinquent on February 21, 1961 and returned to Sing Sing Prison on March 30,1961 and credited with 20 days’ parole jail time. The respondent contends that the relator at that time *470 had 1 year, 7 months and 10 days remaining in his maximum sentence.
The testimony of the head clerk of Auburn Prison indicates that it is the custom of the Prison Board at the time a person is received in State prison to credit such inmate with all the “ good behavior time ” to which he would be entitled if he complied with the provisions of section 230 of the Correction Law. Thereafter in the event of a forfeiture for misconduct such forfeitures are charged against such “good time” credit and of course, if for any reason such inmate fails to earn such reduction of sentence during any period of his incarceration, this fact is also noted on his record.
The evidence further indicates that the allowances for credits as defined in subdivision 4 of section 230 of the Correction Law, effective July 1,1962, consisting of a total of five days per month, are automatically credited to each inmate’s record.
Accordingly, by computation, if the relator had been credited with all the “ good behavior time ” to which he would be entitled under subdivision 4 of section 230 of the Correction Law, as of the commencement of his prison term, he would have earned 1 year, 6 months and 28 days, pursuant to the provisions of that section.
Through failure to earn such “good behavior time” or through forfeiture, this maximum ‘ ‘ good behavior time ’ ’ has been reduced to 10 months and 26 days, and if this amount is credited to relator’s maximum sentence, he is eligible for immediate release subject to the jurisdiction of the Board of Parole, as set forth in article 8 of the Correction Law.
Section 230 provides in part: ‘‘ The maximum reduction of sentence provided for in this subdivision, or any part thereof, may be granted, withheld, forfeited or restored subject to rules and regulations which the commissioner of correction is hereby authorized to promulgate and enforce ”.
Under subdivision (8) of rule III (7 NYCRR, § 60.3, subd. [h]) the Commissioner of Correction has issued the following instructions to Prison Boards: “Prisoners who have been paroled, declared delinquent and returned to prison, may receive the benefits of the maximum reduction credit computed on the delinquent time only ”.
The foregoing rule has been attacked in this proceeding as a direct violation of legislative intent and as being arbitrary and 1 ‘ capricious ’ ’ and should, therefore, be ignored in the computation of reduction of sentences for good conduct and efficient and willing performance of duties assigned and for meritorious progress and achievement in a treatment program.
*471 Since 1916, compensation for labor performed while a person has been incarcerated has been allowed in one form or another, and even prior to that time, reduction of sentence or “ commutation ” of sentence, has been granted to inmates of our State prisons, based on their behavior during the period of their incarceration.
It is a well-known fact that the forfeiture or withholding of “ good time behavior ” has been one of the most potent means of discipline which can be invoked and consequently has become a great factor in maintaining order and discipline within the prison walls.
In People ex rel. Vanilla v. Denno (7 N Y 2d 29) the Court of Appeals interpreted subdivision 3 of section 230 of the former Prison Law (now Correction Law) and held that compensation for labor performed was a matter of right. In the Vanilla case the relator had been released subject to the jurisdiction and control of the Parole Board and later brought back as a parole violator. Nonetheless, such compensation computed on his entire sentence was allowed by the Court of Appeals and the writ sustained.
An examination of the statute in effect at the time of Vanilla’s conviction reveals no significant variance with the language used by the Legislature in the statute now under consideration.
In 1929 section 230 of the Correction Law (formerly the Prison Law) was amended (L. 1929, ch. 243) to provide as follows:
“ 1. A sentence to imprisonment in a state prison for a definite fixed period of time is a definite sentence. A sentence to imprisonment in a state prison having minimum and maximum limits fixed by the court or the governor is an indeterminate sentence.
“ 2. Every prisoner confined in a state prison or penitentiary may in the discretion of the governor as hereinafter provided receive, for good conduct and efficient and willing performance of duties assigned, a reduction of his sentence not to exceed ten days for each month of the minimum term in the case of an indeterminate sentence, or of the term as imposed by the court in the case of a definite sentence. The maximum reduction allowable under this provision shall be four months per year, but nothing herein contained shall be construed to confer any right whatsoever upon any prisoner to demand or require the whole or any part of such reduction.
“3. In the case of a definite sentence prisoner, said reduction shall be computed upon the term of the sentence as imposed by the court, less jail time allowance, and in the case of an indetermi *472 nate sentence prisoner such reduction shall be computed upon the minimum term of such sentence, less jail time allowance. No prisoner, however, shall be released under the provisions hereof from a state prison until he shall have served at least one year, nor shall any prisoner confined in a penitentiary have his sentence reduced under the provisions hereof until he shall have served at least three months exclusive of jail time. No prisoner sentenced to life imprisonment or to imprisonment during his natural life shall have his term reduced by the provisions hereof. The maximum reduction of ten days in each month may be in whole or in part withheld, forfeited or can-celled, in accordance with the rules of the commissioner of correction for bad conduct, violation of prison rules or failure to perform properly duties assigned.
“ 4. An account based upon the maximum reduction of ten days in each month shall be kept in suitable books by the warden with each prisoner entitled to claim reductions under the provisions of this section, and at the end of each month the warden shall credit the prisoner with such reduction within such period as the case may justify.” (As amd. by L. 1931, ch. 348; L. 1932, ch. 601; L. 1933, ch. 510; L. 1934, chs. 190, 731; L. 1935, ch. 902, § 2, eff. June 1,1935.)
The first judicial interpretation I find of subdivision 2 of section 230 of the Correction Law was People ex rel. Clemente v. Warden (9 N Y 2d 216). In this case, the lower court held that the reduction of sentence applied to the entire sentence on the theory that an indeterminate sentence was a sentence for the maximum time named therein and that the minimum of such sentence only declared that period of time which must be served within the prison walls before a person became eligible for parole.
In 1960 the Appellate Division, Fourth Department (10 A D 2d 57) held that such reduction in sentence for good time should apply only against the minimum sentence and, therefore, that such reduction in sentence merely accelerated the time when an inmate became eligible to apply for parole. Needless to say, such parole was, and still is, wholly within the discretion of the Parole Board. This case was affirmed by the Court of Appeals in 1961 (9 N Y 2d 216, supra).
In the very next session of the Legislature following the Court of Appeals decision in People ex rel. Clemente v. Warden (supra), the present statute was enacted. (L. 1962, ch. 826.)
I believe that it is perfectly clear that the Legislature now intends that if a person willingly performs duties assigned and *473 conducts himself properly, that he is to receive a reduction of his sentence not to exceed two days for each month of the maximum term. Furthermore, if a prisoner attains meritorious achievement under the treatment program, he may also receive a reduction of his sentence not to exceed three additional days for each month of the maximum term. If the Commissioner’s rule III (subd. [8]) as stated above, were allowed to stand, it would effectively overrule the intention of the Legislature.
It would seem that if a person is returned to prison for a violation of parole, that such return is sufficient punishment for violation of his rules of parole without arbitrary withholding of “ good time ” earned. Certainly the matters embraced in subdivision 4 of section 230 were intended to apply to an inmate during the time of his actual incarceration and to his conduct during his period of imprisonment rather than govern his conduct while on parole.
It has been argued that in the case of a parole violator the period of supervision should be as short as possible due to the fact that the Parole Board has already determined that the inmate is not a proper subject for parole. If this argument were to bear any weight at all, what about the very few inmates of our State prisons who have never been allowed parole but have been obliged to serve their maximum terms ?
It is a well-known fact that almost every prisoner is released on parole prior to the expiration of his maximum sentence and if the Legislature intended that the reduction of sentence, provided by subdivision 4 of section 230 of the Correction Law, were to apply to delinquent time only, I think that the bill would have said so.
It is axiomatic that rules and procedures which have been determined by the Legislature must be exercised reasonably and any rule, or action, by such a board which is arbitrary or capricious is subject to review. In the present instance, this court finds that subdivision (8) of rule III is capricious and is directly in violation of the Legislature’s intent and the wording of subdivision 4 of section 230 of the Correction Law and, accordingly, should be discredited.
The writ is hereby sustained. Relator is remanded to the custody of Auburn Prison for processing and release under the jurisdiction of the Board of Parole as provided in the foregoing section and in accordance with the Rules and Regulations of the Parole Board,