Clare J. Hoyt, J.
By this habeas corpus proceeding the relator an inmate of Green Haven Prison claims his right to be released from custody. Eelator was indicted for first degree robbery, first degree grand larceny and second degree assault and was convicted by a jury of the crimes found in the indictment. On May 5, 1958 the relator, then 17 years old, was sentenced by the County Court, Kings County, to be committed to the Correction Department Reception Center at Elmira for classification and transfer to an institution under the said department pursuant to article 3-A of the Correction Law.
On May 22,1958 relator was received at the Reception Center at Elmira with credit for prior jail time of 221 days. He was subsequently transferred to Great Meadow Correctional Institution on July 29, 1958 and to Green Haven Prison on April 8, 1960 where he has since been confined.
Relator now claims that he is being illegally confined within Green Haven Prison and claims his release upon the ground that he has completed the serving of his sentence under the provisions of section 230 of the Correction Law.
Relator was sentenced pursuant to article 3-A of the Correction Law. Subdivision 2 of section 61 thereof provides that the term of imprisonment of a person committed to the reception center whose punishment is not determined by the court or Judge shall be terminated by the Board of Parole in the same manner as though such person had been sentenced to imprisonment for a term governed as to length by the provisions of section 2184-a of the Penal Law.
Section 2184-a of the Penal Law provides that the term of imprisonment of any person sentenced hereunder shall be known as a reformatory term, and shall be terminated by the Board of Parole, but in the case of any person convicted of a felony, such term shall not exceed five years and in the case of any person convicted for any other offense or for a misdemeanor, the term shall not exceed three years. The provisions of this section with *378 respect to the term of imprisonment are identical with the provisions of section 2185 of the Penal Law and section 288 of the Correction Law applicable to persons over the age of 21. In this case, relator having been sentenced for the crimes of first degree robbery, first degree grand larceny and second degree assault, his maximum sentence could not exceed five years. This “ reformatory sentence ” is an indefinite sentence in that the prisoner may be released at any time at the discretion of the Board of Parole but in no event can the confinement exceed five years (see People v. Ford, 14 A D 2d 787; People ex rel. Stokrocki v. Fay, 8 A D 2d 984; People ex rel. Vivona v. Conboy, 7 A D 2d 810, motion for leave to appeal denied 6 N Y 2d 706, cert, denied 361 U. S. 847).
Relator contends that his sentence is for an indefinite term of 0 to 5 years and comes within the provisions of section 230 of the Correction Law.
Subdivision 4 of section 230 of the Correction Law was amended by the Legislature during the 1962 legislative session and became effective on July 1, 1962 (L. 1962, ch. 826). It provides that a prisoner confined in a State prison or penitentiary for an indeterminate term may receive, for good conduct and for meritorious progress and achievement, a reduction of his sentence not to exceed a total of five days for each month of his maximum term. It appears this amendment was promulgated in order to give a prisoner serving an indeterminate sentence the opportunity to receive credit for good conduct and meritorious progress on both his minimum and maximum term. Prior to this amendment a prisoner serving an indeterminate sentence could only receive credit for good conduct on his minimum term (see Correction Law, § 230, subd. 2; People ex rel. Clemente v. Warden of Auburn Prison, 9 N Y 2d 216).
Subdivision 1 of section 230 of the Correction Law defines an indeterminate sentence as a sentence to imprisonment in a State prison having minimum and maximum limits fixed by the court or the Governor.
This court is of the opinion that an indefinite sentence under subdivision 2 of section 61 of the Correction Law and section 2184-a of the Penal Law is not and was not intended to be interpreted as an indeterminate sentence within the meaning of section 230 of the Correction Law. Relator’s maximum term of imprisonment is fixed at five years, however, he has no minimum term but is subject to release at any time at the discretion of the Board of Parole.
Thus, relator is not entitled to his immediate release but must serve his maximum sentence with credit for prior jail time served *379 unless, in the discretion of the Board of Parole, relator is entitled to his release prior to the expiration of his full sentence. Accordingly, the petition is denied, the proceeding dismissed and the prisoner remanded.