Clare J. Hoyt, J.
By this habeas corpus proceeding the relator an inmate of Green Haven Prison claims his right to be released from custody. On February 21, 1955 the relator was sentenced by the County Court, Kings County, to an indeterminate term of three years nine months minimum to seven years six months maximum at Sing Sing Prison upon a plea of guilty of attempted robbery second degree.
On February 24,1955 relator was received at Sing Sing Prison with credit for prior jail time of 86 days. Relator was transferred to Green Haven Prison on May 3, 1955 and was paroled on December 6,1957. He violated parole and was declared delinquent on April 5, 1958 and was returned to Attica Prison on February 27, 1959. He was again transferred to Green Haven Prison on June 29,1959, reparoled on February 2,1961 and again declared delinquent on January 6, 1962. He was returned to Sing Sing Prison as a parole violator on February 7, 1962 and *475 his delinquent time was determined to be 1 year, 1 month and 23 days. Eelator was again transferred to Green Haven Prison on February 28, 1962. His full maximum term will expire on March 30,1963.
Eelator now claims that he is being illegally confined within Green Haven Prison and claims his release upon the ground that he has completed the serving of his sentence under the provisions of section 230 of the Correction Law.
Subdivision 4 of section 230 of the Correction Law was amended by the Legislature during the 1962 legislative session and became effective on July 1, 1962 (L. 1962, ch. 826). It provides : ‘ ‘ Every prisoner confined in a state prison or penitentiary for an indeterminate term, except a prisoner sentenced for a term having a maximum of natural life, may receive, for good conduct and efficient and willing performance of duties assigned, a reduction of his sentence not to exceed two days for each month of the maximum term. For meritorious progress and achievement in a treatment program to which he has been assigned, following appropriate testing and classification, such prisoner may also receive a reduction of his sentence not to exceed three additional days for each month of the maximum term. In no event, however, shall the maximum reduction allowable under this subdivision exceed two months for each year of the maximum sentence, nor shall any such reduction be calculated under this subdivision to reduce the time actually served to a term less than the minimum sentence imposed by the court. The maximum reduction of sentence provided for in this subdivision, or any part thereof, may be granted, withheld, forfeited or restored subject to rules and regulations which the commissioner of correction is hereby authorized to promulgate and enforce. Nothing contained herein shall be construed to confer upon any prisoner the right to demand or require the whole or any part of such reduction of maximum sentence. Every prisoner who is released prior to the expiration of his maximum sentence pursuant to this subdivision shall remain under the supervision of the board of parole for the full term of the maximum sentence imposed by the court and shall be otherwise subject to the jurisdiction of the board under the terms and conditions set forth in article eight of the correction law.”
It appears this amendment was promulgated in order to give a prisoner serving an indeterminate sentence the opportunity to receive credit for good conduct and meritorious progress on both his minimum and maximum term. Prior to this amendment a prisoner serving an indeterminate sentence could only receive credit for good conduct on his minimum term (see Correction *476 Law, § 230, subd. 2; People ex rel. Clemente v. Warden, 9 N Y 2d 216).
Relator contends that his two previous paroles were “ discretionary ” but that the credit for good conduct and meritorious progress afforded by subdivision 4 of section 230 of the Correction Law is “ mandatory ” and must be awarded him on his full maximum sentence of 10’ years.
The statute provides that the maximum reduction of sentence may be granted, withheld, forfeited or restored subject to the rules and regulations which the Commissioner of Correction is authorized to promulgate and enforce. Pursuant to this authority the Commissioner of Correction promulgated ‘1 Rules Pertaining to Discretionary Reduction of Sentence ” on June 29, 1962, which became effective on July 1,1962. Subdivision (8) of rule III entitled “ Parole violators ” (7 NYCRR, § 60.3, subd. [h]) provides: ‘ ‘ (h) Prisoners who have been paroled, declared delinquent and returned to prison, may receive the benefits of the maximum reduction credit computed on the delinquent time only. ’ ’
Section 218 of the Correction Law which deals with parole violations, permits the Board of Parole, in its discretion, to require a prisoner to serve out the balance of his maximum term from the date he was declared delinquent, less credit for parole jail time.
Subdivision 4 of section 230 of the Correction Law specifically provides that nothing within the section shall be construed to confer upon any prisoner the right to demand or require the whole or any part of a reduction of his maximum sentence. It further provides that every prisoner released prior to the expiration of his maximum sentence shall remain under the supervision of the Board of Parole for the full term of his maximum sentence and shall be subject to the jurisdiction of the Board of Parole.
As has been previously indicated, prior to the enactment of subdivision 4, a prisoner could only receive a reduction of his minimum sentence for good conduct and meritorious progress. Thus, if the Board of Parole decided that a prisoner was not worthy of release at the expiration of his minimum sentence and that he should serve his maximum term, he would be held to serve his maximum sentence without any hope of receiving a reduction in his sentence for good conduct and meritorious progress during the period between the minimum and maximum terms of his sentence. The enactment of subdivision 4 corrected this situation by permitting a prisoner by good conduct or meritorious progress to reduce his maximum term so that he might be considered for parole prior to the expiration of his maximum *477 term. Where, as here, a paroled prisoner violates his parole, he should not continue to enjoy the reduction of the maximum sentence, which he may have earned prior to his release on parole, which reduction was made available to him, if earned, to permit his release prior to the expiration of his maximum term. By violating his parole the prisoner offends the trust placed in him by the Board of Parole. However, by the enactment of subdivision 4, the prisoner is now permitted to start anew and earn credit for good conduct and meritorious progress on the balance of his maximum term from the date of his delinquency. Thus, even after a violation of parole, a prisoner has an incentive to conduct himself in a meritorious fashion so as to reduce the term of his delinquency. But, it seems clear, this statute did not create a mandatory reduction of maximum sentence.
The court is aware of no precedents in the interpretation of this amendment to section 230 of the Correction Law and has received no memorandum of law or brief from the respondent. The decision herein assumes that the credit against the maximum sentence claimed by relator could have been earned prior to July 1, 1962 and that if earned it was recorded as provided in subdivision 5 of section 230 of the Correction Law.
It is the opinion of the court that relator is not entitled to his immediate release but must serve his maximum sentence as computed by the Board of Parole unless, in the discretion of the Board of Parole, relator becomes entitled to a reduction of his sentence for good conduct and meritorious progress during the term of his delinquency.
Accordingly, the petition is denied, the proceeding dismissed and the prisoner remanded.