Daniel E. Macken, J.
This proceeding is considered by me as one brought pursuant to article 78 of the Civil Practice Act to require respondent to release the petitioner subject to the supervision of the Board of Parole in accordance with the provisions *503 of subdivision 4 of section 230 of the Correction Law as effective July 1,1962.
On November 18, 1953 petitioner was sentenced to imprisonment for a term of not less than 5 nor more than 10 years. He was paroled January 14, 1959, violated his parole, was declared delinquent as of July 9, 1960 and returned to prison on October 14,1960. By reason of time lost between the date of delinquency and his return to custody, the maximum term imposed by the court will not expire until December 1,1963.
At a meeting of the Parole Board held pursuant to section 218 of the Correction Law following his return to prison, an order was made directing that petitioner be again presented to the Parole Board in September of 1962. Following a meeting held September 20, 1962 a decision was made that the petitioner be held and again presented at the March, 1963 meeting of the board with the provision, however, that if a satisfactory program could be arranged, he might be released on or after October 29, 1962.
Subdivision 4 of section 230 of the Correction Law, which became effective July 1, 1962, provides that a prisoner serving an indeterminate term £ ‘ may receive, for good conduct and efficient and willing performance of duties assigned, a reduction of his sentence not to exceed two days for each month of the maximum term. For meritorious progress and achievement in a treatment program to which he has been assigned, * * * such prisoner may also receive a reduction of his sentence not to exceed three additional days for each month of the maximum term. ’ ’
The statute provides that ££ The maximum reduction of sentence provided for in this subdivision, or any part thereof, may be granted, withheld, forfeited or restored subject to rules and regulations which the commissioner of correction is hereby authorized to promulgate and enforce. Nothing contained herein shall be construed to confer upon any prisoner the right to demand or require the whole or any part of such reduction of maximum sentence. ’ ’
Among the rules promulgated by the Commissioner of Correction and numbered subdivision 8 of rule III is the following: “ Prisoners who have been paroled, declared delinquent and returned to prison, may receive the benefits of the maximum reduction credit computed on the delinquent time only.” (7 NYCKEt, § 60.3, subd. [h].)
At the time petitioner was declared delinquent and returned to prison he owed 3 years, 1 month and 17 days on his maximum *504 sentence and in accordance with subdivision 8 of rule III he has been credited with a reduction of six months and eight days of his maximum sentence which, unless forfeited in the meantime, might permit his release pursuant to subdivision 4 of section 230 on May 23, 1963 if that section is applicable to him. The petitioner contends that subdivision 8 of rule III is invalid. If credited with the full reduction of maximum sentence which he would have earned, absent subdivision 8 of rule III, he would have been eligible for release subject to the supervision of the Parole Board on August 4, 1962, again provided subdivision 4 of section 230 was operative to mandate his release at that time. The petitioner claims that his release at that time was mandatory and that he is now entitled to immediate release.
It seems to me that two distinct questions are here presented : first, whether the Commissioner’s rule III (subd. 8) is valid and, second, whether subdivision 4 of section 230 mandates the release of a parole violator who has earned sufficient “good time” under the provisions of that section to permit his release but who at the time is being held pursuant to a determination of the Parole Board following his violation of parole. Since my view of the latter question will be determinative of this proceeding, I shall first consider it.
The Department of Correction and the Division of Parole are separate and independent agencies of the Executive Department (Correction Law, art. 2; Executive Law, art. 12), each with separate functions and powers to execute them.
The period of confinement, up to the maximum imposed by the court, of a prisoner serving an indeterminate term who has completed his minimum term, is for all practical purposes determined by the Parole Board (Correction Law, § 212). Once having been paroled and returned to prison for violation of the conditions of parole, the period of further confinement is determined by the Parole Board pursuant to section 218 of the Correction Law, and after a hearing at which the prisoner must be given an opportunity to appear and be heard, the board “ may, if it sees fit, require such prisoner to serve out in prison * * * the balance of the maximum term for which he was originally sentenced * * * or such part thereof as it may determine before again releasing such prisoner on parole ’ ’. In the absence ;of an express intent, and I find none such, I do not believe that subdivision 4 of section 230 has the effect of countermanding or in any way altering determinations of the Parole Board made pursuant to section 218 of the Correction Law. The incongruity of a contrary conclusion is demonstrated by the facts of this case *505 from which it appears that if the petitioner’s contention is correct, he should have been released on August 4, 1962 despite the fact that in September, 1962, a month and a half later, the Parole Board determined that suitable conditions warranting his release did not then exist.
Prior to the enactment of subdivision 4 of section 230, while a prisoner serving a definite sentence might, by earned “ good time ”, have his sentence reduced and be released subject to the supervision of the Parole Board (Correction Law, §§ 230, 242), a prisoner serving an indeterminate sentence and who had never been paroled was required to serve the full maximum term imposed by the court regardless of his conduct while in prison. (People ex rel. Clemente v. Warden, 9 N Y 2d 216.) In his memorandum approving the 1962 amendment of section 230 (McKinney’s Session Laws of New York, 1962, p. 3668) the Governor said:
‘ ‘ Under existing law only the minimum term of an indeterminate sentence may be reduced by time allowed for good behaviour. Such reduction of the minimum term enables a prisoner to become eligible for parole at an earlier date but does not guarantee his release at any time prior to expiration of his maximum sentence. Thus, if the Parole Board decides not to release a prisoner on parole, any £ good time ’ that the prisoner may have earned prior to being considered for parole or which he thereafter might earn is effectively lost.
“ This bill permits releases prior to expiration of the maximum terms in certain cases and thereby provides incentive for continued good conduct and achievement by prisoners who are held over by the Parole Board.”
I conclude that the only mandatory release provided by subdivision 4 of section 230 is of prisoners who have not been paroled and who by earned ££ good time ” have by its provisions become entitled to release prior to the expiration of the maximum sentence.
I shall now turn to a consideration of the Commissioner’s rule III (subd. 8). Despite the language of subdivision 4 of section 230 that the reduction of sentence therein provided may be granted, withheld or restored subject to rules and regulations to be promulgated by the Commissioner and that no right is conferred upon any prisoner to demand or require the whole or any part of such reduction, it is apparent that the Commissioner is not thereby authorized to arbitrarily withhold such reductions wholly or in part but that the rules to be promulgated by him must be reasonably calculated to carry out the intent and pur *506 poses of the statute. (N. Y. Const., art. Ill, § 1; Matter of Hudson-Harlem Val. Tit. & Mtge. Co. v. White, 8 N. Y. S. 2d 599, 604, affd. 256 App. Div. 393.)
The principal purpose of section 230 of the Correction Law is to further the maintenance of discipline within the prison. (1935 Report of N. Y. Law Rev. Comm., p. 480.) In approving the 1962 amendment the Governor further said: ‘ ‘ The bill will aid in the rehabilitation of prisoners prior to their return to society and will assure parole supervision upon release for those prisoners who are released prior to the expiration of their terms.” It is thus apparent that a further purpose of subdivision 4 of section 230 is to assist the prisoner in his transition from prison to civilian life by providing some period of parole supervision immediately prior to the expiration of the maximum sentence imposed by the court.
While, at first blush, the Commissioner’s rule III (subd. 8) would appear to constitute a withholding or forfeiture of “ good time ’ ’ earned by parole violators prior to their parole and thus to be a punishment for the prisoner’s conduct outside the prison rather than “ a punishment for offenses against the discipline of the prison or penitentiary” as provided by section 235 of the Correction Law, such in fact is not the case in view of my conclusion that subdivision 4 of section 230 has no real application to prisoners who have once been paroled. Nothing has been taken from the prisoner since his continued confinement results from a determination of the Parole Board following the holding of a parole court. It seems to me, however, that the Commissioner’s rule affords a very practical vehicle for effectuating as to returned parole violators the purposes of subdivision 4 of section 230 to provide an incentive for good behavior in prison and some period of parole supervision during the prisoner’s transition from prison to civilian life while at the same time substantially maintaining the effectiveness of the purposes for which the Division of Parole exists. If the Parole Board sees fit to release the prisoner prior to the expiration of his maximum sentence as reduced by the operation of subdivision 4 of section 230 and subdivision 8 of rule III, it has the power to do so. By its terms a prisoner released pursuant to subdivision 4 of section 230 remains subject to the supervision of the Parole Board “ under the terms and conditions set forth in article eight of the correction law ”. The Parole Board thus retains the power to return the prisoner to prison pursuant to sections 216 and 218 of the Correction Law if conditions warrant such action. (Matter of Scarola v. Mailler, 3 A D 2d 688, motion for leave to appeal denied 3 N Y 2d 705.)
*507 While, as I have indicated, I doubt that, as enacted, subdivision 4 of section 230 has any real application to prisoners who have once been paroled, nullifying the Commissioner’s rule III (subd. 8) will be of no practical benefit to the petitioner and, on the contrary, will deprive him of a benefit which, whether or not provided by the statute, the Division of Parole does not seem to question and the petitioner by this proceeding certainly did not seek to lose. The petition is accordingly dismissed.