Russell Gr. Hunt, J.
The petitioner brings this proceeding under article 78 of the Civil Practice Act and seeks to compel the respondents to credit him with “ good time ” against the maximum term of an indeterminate sentence in accordance with subdivision 4 of section 230 of the Correction Law which became effective July 1, 1962.
It appears that in June, 1962 the petitioner was returned to Clinton Prison at Dannemora, New York, as a parole violator and ordered to serve 18 months before becoming eligible again for parole. He is now serving time on his maximum sentence of 20 years. The original judgment of conviction carried with it an indeterminate sentence of 10 years minimum and 20 years maximum. If he were permitted to apply to his maximum term the “ good time ” allowed pursuant to subdivision 4 of section 230 he would be entitled to a present release, he contends.
*564 The rule prior to July 1, 1962, had been to the contrary. In People ex rel. Corpolongo v. Donovan (12 A D 2d 528, affd. 9 N Y 2d 749) the issue was whether “ good time ” allowed the petitioner on his minimum sentence could be credited against the maximum sentence. It was held, however, that “ such credit could not be applied in reduction of his maximum term ”. (See, also, People ex rel. Clemente v. Warden of Auburn Prison, 9 N Y 2d 216.) This was changed by the 1962 Legislature when it amended section 230 of the Correction Law and added new subdivision 4 wherein, for the first time, “good time” was permitted as a credit against a maximum sentence. It is alleged by the petitioner herein that the Commissioner of Correction, nevertheless, has placed a limitation on subdivision 4 by his subdivision (8) of rule III (7 NYCRR 60.3, subd. [h]) and this has resulted, it is claimed, in the petitioner’s continued detention, but, for which, he would have been released as for a completed sentence. The rule was attacked in People ex rel. Brown v. Murphy (36 Misc 2d 469) for bringing about a similar result. It was there held that such interpretation of the rule violated subdivision 4 of section 230 and was void and that the petitioner’s “ good time ” should be credited against his maximum term and not limited otherwise as in subdivision (8) of rule III. That case is persuasive and will be followed herein. (See People ex rel. Victoria v. Fay, 36 Misc 2d 376, 378 and People ex rel. Moxon v. Fay, 36 Misc 2d 602, 603.) The cases of People ex rel. Behar v. Fay (36 Misc 2d 474) and People ex rel. Roy v. Murphy (36 Misc 2d 501), cited on behalf of the respondents in support of the Commissioner’s rule, have been considered, but, not followed.
The petition is sustained but the allegations therein and in the answer do not warrant a finding with respect to any remaining time owed by the petitioner and, therefore, the matter is remanded for the purpose of enabling the respondents to make the necessary computation, in accordance herewith, as to remaining time, if any, to be served and the petitioner is to be processed for release if such computation, made in accordance herewith, results in no remaining time to be served by him.