■ In the Matter of KEESE MILFORD, Respondent, v. NEW YORK STATE DEPARTMENT OF CORRECTION et al., Appellants.— Appeal from an order of the Supreme Court at Special Term which directed respondents to recompute the remaining time owed on petitioner's sentence so as to credit against his maximum sentence all "good time" earned from the beginning of his minimum sentence. Special Term considered that this result was mandated by subdivision 4 of section 230 of the Correction Law, added by chapter 826 of the Laws of 1962, and seems to have found invalid, as in conflict therewith, the rule of the Commissioner of Correction providing: "Prisoners who have been paroled, declared delinquent and returned to prison, may receive the benefits of the maximum reduction credit computed on the delinquent time only." (7 NYCRR 60.3 [h].) The determination at Special Term seems clearly erroneous and we approve the rationale of the decision in *People ex rel. Bell* v. *Murphy* (18 A D 2d 17) which overruled the same contentions as were here advanced by petitioner and adopted by Special Term. Further, and in any event, the question was rendered academic by the amendment of subdivision 4 accomplished by section 3 of chapter 731 of the laws of 1963, effective April 23, 1963, providing in pertinent part as follows: "But all reduction of sentence provided for in this subdivision which is received by a prisoner prior to any release on parole, including release pursuant to this subdivision, shall be forfeited and shall not be restored if the paroled prisoner is returned to an institution under the jurisdiction of the department either for violation of parole or by reason of a conviction for a crime committed while on parole." Order reversed, on the law and the facts, and petition dismissed, without costs. Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ., concur. [38 Misc 2d 563.]